IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-53,016-03






EX PARTE JASON HENRY HERRERA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95-0474-CR IN THE 25TH JUDICIAL DISTRICT COURT


FROM GUADALUPE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of obstruction and
sentenced to nine years' imprisonment. The Fourth Court of Appeals affirmed his conviction.
Herrera v. State, No. 04-95-00530-CR (Tex. App. - San Antonio, January 10, 1996, no pet.)

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate or present evidence regarding Applicant's medical condition at the time of the offense. 
According to Applicant, counsel should have subpoenaed Applicant's medical records, and should
have subpoenaed the nurse on duty at the time of the offense. Applicant further alleges that counsel
should have subpoenaed a sheriff's officer who allegedly jumped on Applicant, causing Applicant 
to bleed into his colostomy bag, and placing Applicant in fear that the officer's weight would
exacerbate an existing gunshot wound which Applicant had sustained just prior to his incarceration. 
Finally, Applicant alleges that counsel was ineffective for failing to request an instruction on the
defense of necessity.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel was aware of Applicant's
medical condition at the time of the offense, and whether evidence of this condition was presented
at Applicant's trial. The trial court shall also make findings as to whether an instruction on the
defense of necessity was requested by counsel, and whether the evidence would have supported such
an instruction had one been requested. The court shall make findings as to whether the performance
of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 4, 2006

Do not publish